IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TODD WILSON,

    Petitioner,

    v.                                       Civil Action 2:05-CV-836
                                             JUDGE GRAHAM
                                             Magistrate Judge King

WARDEN, NOBLE CORRECTIONAL
INSTITUTION,

    Respondent.

**OPINION AND ORDER**

    On May 15, 2006, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*.

    In his objections, petitioner asserts the ineffective assistance of counsel as cause for his procedural default of claim two, a portion of which was never presented to the state courts, and another portion of which was reviewed on appeal for plain error only because of his trial counsel's failure to object. Petitioner states that he was represented by new counsel on appeal, but that his appellate attorney refused to raise any claim of ineffective assistance of trial counsel. Petitioner also alleges that he is the victim of a manifest miscarriage of justice. *See Objections*.

    Petitioner's arguments are not persuasive. Petitioner's claims of ineffective assistance of counsel have never been presented to the state courts, and therefore cannot constitute cause for petitioner's procedural defaults. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). Additionally, the record simply fails to reflect that this is "an extraordinary case, where a

constitutional violation has probably resulted in the conviction of one who is actually innocent."

*Murray v. Carrier*, 477 U.S. 478, 491 (1986).

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." ... *Id*. at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321, 115 S.Ct. 851.

*Souter v. Jones*, 395 F.3d 577, 598-90 (6th Cir. 2005). Petitioner has failed to meet this standard here.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by petitioner. In view of the foregoing, and for the reasons discussed in the *Report and Recommendation*, petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**

This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

                                                    s/James L. Graham  
                                                     JAMES L. GRAHAM  
                                                     United States District Judge

DATE:  June 9, 2006